UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MANUCHKA DeCAMP,

                 Plaintiff,                                   **MEMORANDUM AND ORDER**
                                                                 23-CV-01844 (RPK)

            -against-

MIRKA PICONE, *et al.,*

                 Defendants.
-------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Manuchka DeCamp has brought suit for fraud, harassment, and defamation against a Pennsylvania citizen, a New York citizen, and three citizens of Florida.  Compl. 1, 3–5 (Dkt. #1).  According to plaintiff, these individuals conspired to restrict plaintiff's access to her finances and children through acts in Florida, Pennsylvania, and New York.  *Id*. at 6–7.  Plaintiff requests injunctive relief and an "unknown real amount" of money damages "app[roximating] billions of dollars," allegedly reflecting the "amount of money [plaintiff is] worth."  *Id*. at 6, 8.

    This lawsuit is dismissed for lack of subject-matter jurisdiction.  A federal court has subject-matter jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when the parties are completely diverse and the amount in controversy exceeds $75,000, *id.* § 1332.  A plaintiff who files suit in federal court has the burden of establishing subject-matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A federal court may consider *sua sponte* whether it has subject-matter jurisdiction, *United Food & Comm. Workers Union v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994), and "must dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction," Fed. R. Civ. P.

12(h)(3); *see Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015).

Plaintiff states she is invoking federal-question jurisdiction, Compl. 5, but the Court cannot conclude from the complaint that federal-question jurisdiction exists.    Federal-question jurisdiction permits federal courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331; *see Bracey v. Bd. of Educ.*, 368 F.3d 108, 113 (2d Cir. 2004).  A plaintiff properly invokes federal-question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'"  *Bracey*, 368 F.3d at 113 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983)).  Construing *pro se* plaintiff's allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the complaint alleges only state-law claims for fraud, harassment, and defamation, Compl. 5.  The complaint does not raise any substantial question of federal law.  *See* 28 U.S.C. § 1331.

Because plaintiff is proceeding *pro se*, the Court also considers whether her allegations establish diversity jurisdiction under 28 U.S.C. § 1332(a).  *See McLoed*, 864 F.3d at 156.  Among other requirements, for diversity jurisdiction to exist, the parties must be completely diverse, meaning that plaintiff must be a citizen of a different state from all defendants.   28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).   The complaint alleges that plaintiff and at least one defendant are citizens of New York.  Compl. 3–5.  Accordingly, the Court does not have subject-matter jurisdiction over this action under Section 1332.

Because plaintiff insufficiently pleads subject-matter jurisdiction, the complaint is dismissed.

**CONCLUSION**

Plaintiff's complaint is dismissed without prejudice.  Plaintiff may file an amended complaint within thirty days of this Memorandum and Order correcting the deficiencies identified in this Memorandum and Order.  All proceedings in this case are stayed for thirty days.  If plaintiff fails to file an amended complaint, the case will be dismissed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Plaintiff is advised that the Federal *Pro Se* Legal Assistance Project offers a free service that provides legal counseling.  The project is run by the City Bar Justice Center of the New York City Bar Association.  Plaintiff may contact the project at (212) 382-4729.

SO ORDERED.

 /s/  Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:          April 24, 2023
                Brooklyn, New York

3